# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
### Westmoreland _____ County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: 556 of 2024 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: Guy F. DeToma | Lead Defendant's Name: Wal-Mart Stores    Inc. |
|---|---|

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)  ☐ within arbitration limits  ☒ outside arbitration limits

**Is this a *Class Action Suit*?**  ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?**  ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Garrett L. Trettel, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

GUY F. DeTOMA and ROSWITHA M. DeTOMA, husband and wife,

      Plaintiffs,

      vs.

WAL-MART STORES,    , INC.;
GOPLUS CORPORATION; and
COSTWAY.COM, INC.,

      Defendants.

CIVIL DIVISION

No. 556 of 2024

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiffs

Counsel of Record for these Parties:

**BRENDAN B. LUPETIN, ESQUIRE**
Pa. I.D. No. 201164
blupetin@pamedmal.com

**GARRETT L. TRETTEL, ESQUIRE**
Pa I.D. No. 333705
gtrettel@pamedmal.com

LUPETIN & UNATIN, LLC
707 Grant Street
Gulf Tower, Suite 3200
Pittsburgh, PA 15219

(412) 281-4100
(412) 281-4111 Fax

**JURY TRIAL DEMANDED**

2024 FEB -8 P 1: 53
GINA O'BARTO
TIME IN
FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

GUY F. DeTOMA and ROSWITHA M. DeTOMA, husband and wife,

        Plaintiffs,

vs.

WAL-MART STORES     INC.,
GOPLUS CORPORATION, and
COSTWAY.COM, INC.,

        Defendants.

CIVIL DIVISION

NO: 556 of 2024

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
WESTMORELAND BAR ASSOCIATION
P.O. BOX 565
GREENSBURG, PA 15601
(724) 834-8490
http://lrs.westbar.org

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

GUY F. DeTOMA and ROSWITHA M.    CIVIL DIVISION
DeTOMA, husband and wife,

      Plaintiffs,             NO: 556 of 2024

      vs.

WAL-MART STORES, INC.;
GOPLUS CORPORATION; and
COSTWAY.COM, INC.,

      Defendants.

### COMPLAINT IN CIVIL ACTION

AND NOW, come Plaintiffs Guy F. DeToma and Roswitha M. DeToma, husband and wife, by counsel Brendan B. Lupetin, Esquire, Garrett L. Trettel, Esquire, and the law firm of Lupetin & Unatin, LLC, and file the following Complaint in a Civil Action, alleging the following in support:

### The Parties

1.     Plaintiff, Guy DeToma is an adult individual who resides at 795 Sunrise Drive Leechburg, Westmoreland County, PA 15656.

2.     Plaintiff, Roswitha DeToma, is the wife of Mr. DeToma and an adult individual residing at 7795 Sunrise Drive, Leechburg, Westmoreland County, PA 15656.

3.     Defendant Wal-mart Stores, Inc. ("Walmart") is a corporate entity with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and which regularly and systematically does business in the Commonwealth of Pennsylvania.

4.     Defendant Costway.com, Inc., ("Costway") is a corporate entity with its principal place of business located at 11250 Poplar Avenue, Fontana, California 92337, and which regularly and systematically does business in the Commonwealth of Pennsylvania.

5.     Defendant GoPlus Corporation. ("GoPlus") is a corporate entity with its principal place of business located at 11250 Poplar Avenue, Fontana, California 92337, and which regularly and systematically does business in the Commonwealth of Pennsylvania.

6.     Upon information and belief, Defendants GoPlus and/or Costway designed and/or manufactured a foldable lounge chair, GoPlus and/or Costway then sold the foldable lounge chair to Walmart. The foldable lounge chair is at the center of the incident giving rise to this lawsuit.

## Facts Common to All Causes of Action

7.     On April 29, 2023, Guy and Rosie DeToma's son purchased from Walmart.com a "Costway Foldable Lounge Chair Adjustable Folding Recliner Beach Patio" as a gift for Guy DeToma.

8.     Walmart advertised the chair as a "Great folding lounge recliner," stating that "You will need it on your patio, beach trip, camping adventure and other outdoor and indoor activities."

9.     Walmart further advertised the chair as "durable and stable" and made with "premium fabric and solid steel frame for long time service." In describing the fabric, Walmart states, "The supreme fabric we use is breathable as well as soft with great heat dissipation and sunlight proof. Its maximum load capacity is 331 lbs."

10.    Walmart claims that the chair "can be adjusted in 5 fixed positions," including lying, leaning, and sitting.

11.    On September 4, 2023, Mr. DeToma set up the chair on his deck in a reclining position.

12. Between April 29, 2023, and September 4, 2023, Mr. DeToma used the chair for its regular, ordinary, and intended use – that being sitting and lounging on his deck.

13. Mr. DeToma was within the weight limit for the chair.

14. Mr. DeToma was the sole user of the chair during this time. On September 4, 2023, as Mr. DeToma attempted to lounge in the chair, suddenly and without warning, the fabric tore and Mr. DeToma fell to the deck below.

15. As a result of the fall, Mr. DeToma suffered injuries as more fully described herein.

## COUNT I

## STRICT PRODUCT LIABILITY

### GUY F. DeTOMA v. WAL-MART STORES, INC.

16. Plaintiffs incorporate all preceding paragraphs of this Complaint.

17. At all relevant times, Defendant Walmart was engaged in the business of selling and/or supplying foldable lounge chairs and was a seller as defined by the relevant portions of the Restatements (Second) of Torts.

18. As a consumer-facing business, Walmart sold the chair directly to a consumer, the DeToma family.

19. Walmart knew and expected that the chair would be utilized by individuals, like Mr. DeToma, for outdoor lounging.

20. Mr. DeToma used the chair for its intended and ordinary purpose.

21. Mr. DeToma did not make any substantial changes to the condition of the chair.

22. Defendant Walmart breached the duties it owed to Mr. DeToma by selling the chair in a defective condition.

23.    The chair was defective in that it was not sturdy enough to hold up under ordinary and intended use for even six months.

24.    The chair was defective because it did not meet the reasonable expectations of an ordinary consumer. An ordinary consumer would expect that they could use a lounge chair for more than five months without the fabric tearing.

25.    The chair was also defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

26.    The chair was also defective in that it failed to be properly labeled and/or have proper warnings.

27.    These defects existed when Walmart placed the chair for sale on its website and reached the DeTomas without substantial change.

28.    As the direct and proximate result of Walmart's breaches of its obligations as a seller, described by the Restatement (Second) of Torts, Mr. DeToma suffered the following injuries, some of which may be permanent:

     a.  Pinched S1 nerve;
     b.  Dysesthesia;
     c.  Lumbar radiculopathy;
     d.  Numbness, tingling, and discomfort of right knee;
     e.  Complex medial meniscal tear;
     f.  Difficulty walking;
     g.  Left-lower forearm pain; and
     h.  Other injuries as discovery may reveal.

29.    As the direct and proximate result of Walmart selling a defective product, Mr. DeToma has sustained and will continue to sustain the following damages:

a. He has had to undergo medical treatment including hospitalizations, medical appointments, testing and therapy;

b. He has suffered and will continue to suffer pain, suffering, mental anguish and embarrassment;

c. He has been unable to enjoy the ordinary pleasures of life;

d. He has been unable to perform his normal daily activities; and,

e. His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Guy DeToma claims all damages recoverable under the applicable laws of this Commonwealth against Defendant Walmart in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

## COUNT II
### NEGLIGENCE
### GUY F. DeTOMA v. WAL-MART STORES, INC.

30. Plaintiffs incorporate all paragraphs of this Complaint.

31. At all relevant times, Walmart owed a duty of care to ensure the products it sells do not pose an unreasonable risk of harm.

32. Walmart owes this duty to all foreseeable users of the products it sells, including customers and their family members – such as Mr. DeToma.

33. Walmart breached its duty of care to Mr. DeToma in the following ways:

a. By selling a chair manufactured from inadequate materials to perform the task for which it was to be used;

b. By failing to assure that the chair it sold utilized a proper design;

c. By failing to adequately and/or appropriately affix the fabric to the chairs' frame;

d. By failing to use reasonable and proper care in providing warnings and/or directions regarding the risks and limitations attendant to the use of the chair,

in particular, the risk of serious bodily injury resulting from the chairs' propensity to fail;

e. By failing to provide all accessories and features necessary to make the chair safe for use;

f. By failing to adequately test or inspect the chair before offering it for sale;

g. By offering the chair for sale even after Walmart received negative reviews about the stability and safety of this model of chair; and,

h. By failing to modify and/or repair the chair and its component parts and systems before selling it.

34.    As the direct and proximate result of Walmart's breaches of its duty of care, Mr. DeToma suffered the following injuries, some of which may be permanent:

a. Pinched S1 nerve;

b. Dysesthesia;

c. Lumbar radiculopathy;

d. Numbness, tingling, and discomfort of right knee;

e. Complex medial meniscal tear;

f. Difficulty walking;

g. Left-lower forearm pain; and

h. Other injuries as discovery may reveal.

35.    As the direct and proximate result of Walmart's breaches of its duty of care, Mr. DeToma has sustained and will continue to sustain the following damages:

a. He has had to undergo medical treatment including hospitalizations, medical appointments, testing and therapy;

b. He has suffered and will continue to suffer pain, suffering, mental anguish and embarrassment;

c. He has been unable to enjoy the ordinary pleasures of life;

d. He has been unable to perform his normal daily activities; and,

e.  His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Guy DeToma claims all damages recoverable under the applicable laws of this Commonwealth against Defendant Walmart in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

## COUNT III
### STRICT PRODUCT LIABILITY
### GUY F. DeTOMA v. GOPLUS CORPORATION

36.    Plaintiffs incorporate all preceding paragraphs of this Complaint.

37.    At all relevant times, Defendant GoPlus was engaged in the business of designing, manufacturing, selling and/or supplying foldable lounge chairs and was a seller as defined by the relevant portions of the Restatements (Second) of Torts.

38.    Upon information and belief, as a professional manufacturer of sports goods, tools, home decors, and industry goods, GoPlus sold the foldable lounge chair to Walmart.

39.    GoPlus knew and expected that the chair would be sold by Walmart and eventually utilized by individuals, like Mr. DeToma, for outdoor lounging.

40.    Mr. DeToma used the chair for its intended and ordinary purpose.

41.    Mr. DeToma did not make any substantial changes to the condition of the chair.

42.    Defendant GoPlus breached the duties it owed to Mr. DeToma by manufacturing and selling the chair in a defective condition.

43.    The chair was defective in that it was not sturdy enough to hold up under ordinary and intended use for even six months.

44.     The chair was defective because it did not meet the reasonable expectations of an ordinary consumer. An ordinary consumer would expect that they could use a lounge chair for more than five months without the fabric tearing.

45.     The chair was also defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

46.     The chair was also defective in that it failed to be properly labeled and/or have proper warnings.

47.     These defects existed when GoPlus sold the chair to Walmart and when Walmart placed the chair for sale on its website and reached the DeTomas without substantial change.

48.     As the direct and proximate result of GoPlus's breaches of its obligations as a seller, described by the Restatement (Second) of Torts, Mr. DeToma suffered the following injuries, some of which may be permanent:

     a. Pinched S1 nerve;
     b. Dysesthesia;
     c. Lumbar radiculopathy;
     d. Numbness, tingling, and discomfort of right knee;
     e. Complex medial meniscal tear;
     f. Difficulty walking;
     g. Left-lower forearm pain; and
     h. Other injuries as discovery may reveal.

49.     As the direct and proximate result of GoPlus manufacturing and selling a defective product, Mr. DeToma has sustained and will continue to sustain the following damages:

     a. He has had to undergo medical treatment including hospitalizations, medical appointments, testing and therapy;

     b. He has suffered and will continue to suffer pain, suffering, mental anguish and embarrassment;

c.  He has been unable to enjoy the ordinary pleasures of life;

d.  He has been unable to perform his normal daily activities; and,

e.  His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Guy DeToma claims all damages recoverable under the applicable laws of this Commonwealth against Defendant GoPlus in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

## COUNT IV
## NEGLIGENCE
## GUY F. DeTOMA v. GOPLUS CORPORATION

50.  Plaintiffs incorporate all paragraphs of this Complaint.

51.  At all relevant times, GoPlus owed a duty of care to ensure the products it manufactures and sells do not pose an unreasonable risk of harm.

52.  GoPlus owes this duty to all foreseeable users of the products it manufactures and sells, including customers and their family members – such as Mr. DeToma.

53.  GoPlus breached its duty of care to Mr. DeToma in the following ways:

a.  By designing and/or manufacturing and/or selling a chair manufactured from inadequate materials to perform the task for which it was to be used;

b.  By failing to assure that the chair it manufactured and/or sold utilized a proper design;

c.  By failing to adequately and/or appropriately affix the fabric to the chairs' frame;

d.  By failing to design and manufacture the chair in a way that was fit for its intended use so as to prevent serious injury;

e.  By failing to use reasonable and proper care in providing warnings and/or directions regarding the risks and limitations attendant to the use of the chair,

in particular, the risk of serious bodily injury resulting from the chairs' propensity to fail;

f.  By failing to provide all accessories and features necessary to make the chair safe for use;

g.  By failing to adequately test or inspect the chair before offering it for sale;

h.  By offering the chair for sale even after Walmart received negative reviews about the stability and safety of this model of chair; and,

i.  By failing to modify and/or repair the chair and its component parts and systems before selling it.

54.    As the direct and proximate result of GoPlus's breaches of its duty of care, Mr. DeToma suffered the following injuries, some of which may be permanent:

a.  Pinched S1 nerve;

b.  Dysesthesia;

c.  Lumbar radiculopathy;

d.  Numbness, tingling, and discomfort of right knee;

e.  Complex medial meniscal tear;

f.  Difficulty walking;

g.  Left-lower forearm pain; and

h.  Other injuries as discovery may reveal.

55.    As the direct and proximate result of GoPlus's breaches of its duty of care, Mr. DeToma has sustained and will continue to sustain the following damages:

a.  He has had to undergo medical treatment including hospitalizations, medical appointments, testing and therapy;

b.  He has suffered and will continue to suffer pain, suffering, mental anguish and embarrassment;

c.  He has been unable to enjoy the ordinary pleasures of life;

d.  He has been unable to perform his normal daily activities; and,

e.  His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Guy DeToma claims all damages recoverable under the applicable laws of this Commonwealth against Defendant GoPlus in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

## COUNT V
## STRICT PRODUCT LIABILITY
## GUY F. DeTOMA v. COSTWAY.COM, INC.

56.    Plaintiffs incorporate all preceding paragraphs of this Complaint.

57.    At all relevant times, Defendant Costway was engaged in the business of designing, manufacturing, selling and/or supplying foldable lounge chairs and was a seller as defined by the relevant portions of the Restatements (Second) of Torts.

58.    Upon information and belief, as an online retailer of home goods, Costway sold the foldable lounge chair to Walmart.

59.    Costway knew and expected that the chair would be sold by Walmart and utilized by individuals, like Mr. DeToma, for outdoor lounging.

60.    Mr. DeToma used the chair for its intended and ordinary purpose.

61.    Mr. DeToma did not make any substantial changes to the condition of the chair.

62.    Defendant Costway breached the duties it owed to Mr. DeToma by selling the chair in a defective condition.

63.    The chair was defective in that it was not sturdy enough to hold up under ordinary and intended use for even six months.

64.     The chair was defective because it did not meet the reasonable expectations of an ordinary consumer. An ordinary consumer would expect that they could use a lounge chair for more than five months without the fabric tearing.

65.     The chair was also defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

66.     The chair was also defective in that it failed to be properly labeled and/or have proper warnings.

67.     These defects existed when Costway sold the chair to Walmart and when Walmart placed the chair for sale on its website and reached the DeTomas without substantial change.

68.     As the direct and proximate result of Costway's breaches of its obligations as a seller, described by the Restatement (Second) of Torts, Mr. DeToma suffered the following injuries, some of which may be permanent:

   a.  Pinched S1 nerve;
   b.  Dysesthesia;
   c.  Lumbar radiculopathy;
   d.  Numbness, tingling, and discomfort of right knee;
   e.  Complex medial meniscal tear;
   f.  Difficulty walking;
   g.  Left-lower forearm pain; and
   h.  Other injuries as discovery may reveal.

69.     As the direct and proximate result of Costway manufacturing and selling a defective product, Mr. DeToma has sustained and will continue to sustain the following damages:

   a.  He has had to undergo medical treatment including hospitalizations, medical appointments, testing and therapy;

   b.  He has suffered and will continue to suffer pain, suffering, mental anguish and embarrassment;

    c.  He has been unable to enjoy the ordinary pleasures of life;

    d.  He has been unable to perform his normal daily activities; and,

    e.  His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Guy DeToma claims all damages recoverable under the applicable laws of this Commonwealth against Defendant Costway in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

## COUNT VI

### NEGLIGENCE

### GUY F. DeTOMA v. COSTWAY.COM, INC.

70.    Plaintiffs incorporate all paragraphs of this Complaint.

71.    At all relevant times, Costway owed a duty of care to ensure the products it manufactures and sells do not pose an unreasonable risk of harm.

72.    Costway owes this duty to all foreseeable users of the products it manufactures and sells, including customers and their family members – such as Mr. DeToma.

73.    Costway breached its duty of care to Mr. DeToma in the following ways:

    a.  By designing and/or manufacturing and/or selling a chair manufactured from inadequate materials to perform the task for which it was to be used;

    b.  By failing to assure that the chair it manufactured and/or sold utilized a proper design;

    c.  By failing to adequately and/or appropriately affix the fabric to the chairs' frame;

    d.  By failing to design and manufacture the chair in a way that was fit for its intended use so as to prevent serious injury;

    e.  By failing to use reasonable and proper care in providing warnings and/or directions regarding the risks and limitations attendant to the use of the chair,

in particular, the risk of serious bodily injury resulting from the chairs' propensity to fail;

f.  By failing to provide all accessories and features necessary to make the chair safe for use;

g.  By failing to adequately test or inspect the chair before offering it for sale;

h.  By offering the chair for sale even after Walmart received negative reviews about the stability and safety of this model of chair; and,

i.  By failing to modify and/or repair the chair and its component parts and systems before selling it.

74.    As the direct and proximate result of Costway's breaches of its duty of care, Mr. DeToma suffered the following injuries, some of which may be permanent:

a.  Pinched S1 nerve;

b.  Dysesthesia;

c.  Lumbar radiculopathy;

d.  Numbness, tingling, and discomfort of right knee;

e.  Complex medial meniscal tear;

f.  Difficulty walking;

g.  Left-lower forearm pain; and

h.  Other injuries as discovery may reveal.

75.    As the direct and proximate result of Costway's breaches of its duty of care, Mr. DeToma has sustained and will continue to sustain the following damages:

a.  He has had to undergo medical treatment including hospitalizations, medical appointments, testing and therapy;

b.  He has suffered and will continue to suffer pain, suffering, mental anguish and embarrassment;

c.  He has been unable to enjoy the ordinary pleasures of life;

d.  He has been unable to perform his normal daily activities; and,

e.  His general health, strength and vitality have been impaired.

WHEREFORE, Plaintiff Guy DeToma claims all damages recoverable under the applicable laws of this Commonwealth against Defendant Costway in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

## COUNT VII
### LOSS OF CONSORTIUM
### ROSWITHA M. DeTOMA v. ALL DEFENDANTS

76.  Plaintiffs incorporate all paragraphs of this Complaint.

77.  As a direct and proximate result of Walmart's conduct (set forth in Counts I and II), GoPlus Corporation's conduct (set forth in Counts III and IV), and Costway.com's conduct (as set forth in Counts V and VI), Mrs. DeToma has been and/or may be deprived of her husband's aide, comfort, assistance, support, companionship, and consortium.

WHEREFORE, Plaintiff Roswitha M. DeToma claims all damages recoverable under the applicable laws of this Commonwealth against the Defendants in a sum exceeding the threshold amount for a board of arbitrators in this jurisdiction and demands a trial by jury.

Respectfully submitted,

LUPETIN & UNATIN, LLC

By: _____

Garrett L. Trettel, Esquire
Counsel for Plaintiffs

# VERIFICATION

I, Guy F. DeToma, have read the foregoing Complaint in Civil Action. The averments contained therein are, insofar as they are derived from my own knowledge, true and correct to the best of my knowledge, information and belief, and insofar as they are derived from others, such facts are believed to be true and correct, and insofar as some of them represent inconsistent allegations, I have sufficient knowledge and information to believe that one of the inconsistent allegations is correct.

This statement and verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities, which statute provides that false statements are subject to criminal penalties.

Date:  1/29/2024

**GUY F. DeTOMA**

# VERIFICATION

I, Roswitha M. DeToma, have read the foregoing Complaint in Civil Action. The averments contained therein are, insofar as they are derived from my own knowledge, true and correct to the best of my knowledge, information and belief, and insofar as they are derived from others, such facts are believed to be true and correct, and insofar as some of them represent inconsistent allegations, I have sufficient knowledge and information to believe that one of the inconsistent allegations is correct.

This statement and verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities, which statute provides that false statements are subject to criminal penalties.

Date: 1/29/2024

**ROSWITHA M. DeTOMA**

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Lupetin & Unatin, LLC

Signature:

Name:  Garrett L. Trettel, Esquire

Attorney No. (if applicable):  333705